**ANDERSON BANTA CLARKSON** PLLC
48 NORTH MACDONALD
MESA, ARIZONA  85201
TELEPHONE (480) 788-3053

Adam C. Anderson/024314
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

## PRESCOTT DIVISION

| | |
|---|---|
| TIMOTHY BOUDREAUX, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT-CLASS ACTION** |
| IC SYSTEMS, INC., | |
| Defendant. | |

NOW COMES the Plaintiff, TIMOTHY BOUDREAUX, by and through his attorneys, ANDERSON BANTA CLARKSON PLLC, suing on behalf of himself and all other similarly situated, and for his complaint against the Defendant, IC SYSTEMS, INC., Plaintiff states as follows:

### I.     PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

## II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

4. TIMOTHY BOUDREAUX, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Snowflake, County of Navajo, State of Arizona.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Cox Communications Phoenix (hereinafter, "the Debt").

6. The Debt was for cable and/or telephone services, which were for the personal use of Plaintiff.

7. Upon information and belief, Defendant purchased, acquired and/or otherwise obtained the debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. IC Systems, Inc., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arizona. Defendant's principal place of business is located in the State of Minnesota. Defendant is incorporated in the State of Arizona.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.  GENERAL ALLEGATIONS

15. At all times relevant hereto, Defendant was attempting to collect a debt allegedly owed by Plaintiff.

16. The Debt was incurred for personal, family, or household services.

17. The Debt was a debt incurred by Plaintiff in excess of twenty (20) years ago.

18. Notwithstanding the age of the Debt, Plaintiff recently discovered that Defendant is reporting the Debt to one or more "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA). 15 U.S.C. §1681 *et seq.*

19. Plaintiff recently discovered that Defendant has reported the Debt as having been placed for collection on August 31, 2016.

20. Plaintiff recently discovered that Defendant has reported the Debt as an open collection account.

21. Plaintiff recently discovered that Defendant has reported the Debt with a date of first delinquency of in or around February 2016.

22. The true date of first delinquency is approximately twenty years prior.

23. Pursuant to 15 U.S.C. § 1681c(a)(4), a consumer reporting agency is precluded from making a consumer report containing "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years."

24. Pursuant to 15 U.S.C. § 1681c(b), the following debts are exempted from the seven (7) year limitation period for the reporting of accounts placed for collection or charged to profit and loss that antedate the report by more than seven (7) years:

> i. A credit transaction involving, or which may reasonably be expected to involve, a principal amount of $150,000 or more;
>
> ii. The underwriting of life insurance involving, or which may reasonably be expected to involve, a face amount of $150,000 or more; or
>
> iii. The employment of any individual at an annual salary which equals, or may reasonably be expected to equal $75,000, or more.

25. The debt on which Defendant was attempting to collect from Plaintiff was for a credit transaction for less than a principal amount of $150,000.

26. The debt on which Defendant was attempting to collect from Plaintiff was not relative to a life insurance policy.

27. The debt on which Defendant was attempting to collect from Plaintiff was not relative to employment.

28. The debt on which Defendant was attempting to collect from Plaintiff was not a debt that falls within any of the aforementioned categories such that it would be exempted from the seven (7) year limitation period for the reporting of accounts placed for collection or charged to profit and loss that antedate the report by more than seven (7) years.

29. Defendant has reported false, deceptive, and/or misleading information to the credit reporting agencies regarding the history of the Debt, which has resulted in an obsolete debt appearing on Plaintiff's credit report.

30. Defendant has "re-aged" the Debt to circumvent the obsolescence period for the reporting of old debts, as proscribed by the provisions of the Fair Credit Reporting Act.

## V.    CLASS ALLEGATIONS

31. Plaintiff brings this action individually and on behalf of a class of individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure.

32. The aforementioned class of individuals is defined as all persons to whom, during the one (1) year period prior to the filing of this Complaint, Defendant has re-aged debts and reported to one or more credit reporting agency obsolete debts with inaccurate dates of initial delinquency.

33. The class is so numerous that joinder of all members is impractical. Upon information and belief, Defendant recently purchased and reported countless obsolete debts, implicating hundreds, possibly thousands, of consumers. Given the aforementioned conduct involving myriad consumers, there exists a presumption of numerosity.

34. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal question at issue is

whether Defendant violated the FDCPA by re-aging and reporting obsolete debts outside the applicable timeframe for the reporting of defaulted debts of Class members during the applicable time period as alleged.

35. Plaintiff's claim is typical of the claims for the Class, which arise from the same operative facts and are predicated on the same legal theories.

36. There are no individual questions of fact, other than whether a Class member's debt in excess of seven years from date of last payment was reported to the credit reporting agencies, which can be determined by a ministerial inspection of Defendant's records regarding the debts at issue and the reporting of said debts.

37. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously prosecuting this matter and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff, nor counsel for Plaintiff, have any interests that might cause them to not vigorously pursue this claim.

38. This action should be maintained as a class action as the prosecution of separate actions by individual members of the Class would create a substantial risk of inconsistent or varying adjudications with respect to individual Class members. Such a result would establish incompatible standards of conduct for the parties opposing the Class. Furthermore, the prosecution of separate actions could result in adjudications of individual members' claims that could be dispositive of the interests of other members not parties to the adjudications or could substantially impair and/or impede the ability of such individuals to protect their interests.

39. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages in an individual action under the FDCPA are $1,000. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of individual Class members may be easily obtained from Defendant's records.

### VI. PLAINTIFF'S ALLEGATIONS

40. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this Complaint as though fully set forth herein.

41. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish, and emotional distress.

### VII. DEFENDANT'S VIOLATIONS OF THE FDCPA

42. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this Complaint as though fully set forth herein.

43. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false,

7

including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

44. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages and liable to Plaintiff and Class members for statutory damages, attorneys' fees, and costs.

### VIII. JURY DEMAND

45. Plaintiff hereby demands a trial by jury on all issues so triable.

### IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TIMOTHY BOUDREAUX, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. The maximum permissible amount of statutory damages;

c. Attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**ANDERSON BANTA CLARKSON** PLLC


By /s Adam C. Anderson
    Adam C. Anderson
    48 North MacDonald Street
    Mesa, AZ  85201
    Attorney for Plaintiff